[Cite as *State v. Byrd*, 2013-Ohio-3751.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case No. 25591 |
| | : | |
| Plaintiff-Appellee | : | Trial Court Case Nos. |
| | : | 2006-CR-5353/1 |
| v. | : | 2007-CR-0532/2 |
| | : | |
| KEVIN D. BYRD, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court |
| Defendant-Appellant | : | |

. . . . . . . . . . .

OPINION

Rendered on the 30th day of August, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45222
      Attorney for Plaintiff-Appellee


KEVIN D. BYRD, JR., pro se, Inmate #558-966, Correctional Reception Center, P.O. Box 300, Orient, Ohio 43146
      For Defendant-Appellant

. . . . . . . . . . .

CELEBREZZE, JR., J. (By Assignment):

{¶1} Defendant-appellant Kevin D. Byrd, Jr. ("appellant"), appeals the decision of the Montgomery County Court of Common Pleas, Criminal Division, overruling his motion to withdraw his guilty plea. After a careful review of the record and relevant case law, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2} Appellant was charged with multiple felony offenses in two separate indictments. He subsequently entered negotiated pleas of guilty to three of the offenses charged, and the state dismissed the remaining charges.

{¶3} In Montgomery C.P. No. 2006-CR-5353/1, appellant pled guilty to one count of aggravated robbery in violation of R.C. 2911.01(A), with a firearm specification attached to that felony charge pursuant to R.C. 2941.145. Appellant was sentenced to serve a three-year prison term for the specification offense, to run prior and consecutive to a three-year term for the aggravated robbery offense, for an aggregate term of six years.

{¶4} In Montgomery C.P. No. 2007-CR-0532/2, appellant pled guilty to two counts of aggravated robbery, two counts of kidnapping in violation of R.C. 2905.01, and the firearm specifications attached to each of those felony charges. The court merged the specifications. Appellant was sentenced to serve a three-year sentence for the specification offense, to run prior and consecutive to a four-year sentence for each aggravated robbery offense, and three years for each kidnapping offense, to run concurrently, for an aggregate term of seven years.

{¶5} The aggregate six-year term in 2006-CR-5353/1 and the aggregate seven-year term in 2007-CR-0532/2 were ordered to run consecutively, for a total prison term of 13 years.

{¶6} Appellant appealed, arguing that his plea was not knowingly, intelligently, or voluntarily made because the trial court failed to determine that he understood he was ineligible for judicial release. Appellant also asserted that the state's recommendation of maximum, consecutive sentences breached the plea agreement to not seek a "sentencing enhancement" and to "treat this as one single conviction." On October 24, 2008, this court issued an opinion and final entry affirming the judgment of the trial court. *State v. Byrd*, 178 Ohio App.3d 646, 2008-Ohio-5515, 899 N.E.2d 1033 (2d Dist.) ("*Byrd I*").

{¶7} Several years later, on June 19, 2012, appellant filed a pro se motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. On December 28, 2012, the trial court overruled appellant's motion, stating in relevant part:

Until now, the Defendant has not raised in the trial court the assertion that he was promised a sentence less than his codefendant. Defendant's sentence is significantly less than he could have received. Defendant had prior convictions at the time of sentencing and was on community control supervision.

This case does not present a violation of attorney's duties to a client with respect to a plea bargain. There is nothing in the record prior to now to demonstrate that Defendant's attorney did not advise him of a favorable plea bargain that he rejected. The record demonstrates at the time of the plea here, Defendant did accept the plea bargain. Some counts were dismissed in

return for Defendant's plea to others. In fact, a substantial charge of engaging in a pattern of corrupt activity was dismissed. In his appeal, Defendant complained about the State violating the plea agreement. There was no complaint at the time that Defendant's attorneys had failed to advise him of a favorable plea agreement.

{¶8} Appellant now brings this timely appeal, pro se, raising two assignments of error for review:

I. The trial court abused its discretion when the court denied appellant's motion to withdraw his guilty plea.

II. The appellant was denied the effective assistance of counsel.

## II.   Law and Analysis

{¶9} In the instant appeal, appellant argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Appellant contends that he received ineffective assistance of counsel during the plea stages and that he would not have entered the guilty plea, but for his attorney's purported promise that he would receive a shorter sentence than his codefendant received in 2007-CR-0532/2.

Initially, we note that in *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978), the Ohio Supreme Court stated:

[T]he trial court does retain jurisdiction over issues not inconsistent with that of the appellate court to review, affirm, modify, or reverse the

appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction. However, * * * the trial court's granting of the motion to withdraw the guilty plea and the order to proceed with a new trial were inconsistent with the judgment of the Court of Appeals affirming the trial court's conviction premised upon the guilty plea. The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment. Accordingly, * * * the trial court lost its jurisdiction when the appeal was taken, and, absent a remand, [the trial court] did not regain jurisdiction subsequent to the Court of Appeals' decision.

Furthermore, Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court.

(Citations omitted.) *Id*. at 97.

{¶10} In the instant case, appellant pled guilty to multiple felony offenses on September 5, 2007. The trial court accepted the plea, found him guilty, and sentenced him on September 19, 2007. When appellant's conviction and sentence were affirmed by this court in its opinion issued October 24, 2008, the trial court subsequently lost jurisdiction to consider appellant's motion to withdraw his guilty plea. Accordingly, as the Ohio Supreme Court held in *Special Prosecutors*, the trial court lacked jurisdiction to consider appellant's motion to withdraw his guilty plea, which was filed on June 19, 2012, approximately three and one-half years after we affirmed his conviction and sentence on direct appeal in *Byrd I*.

{¶11} Significantly, in our prior decision affirming appellant's conviction and sentence, we did not remand the case to the trial court. Instead, we simply affirmed the conviction. Accordingly, under the controlling authority of this district, the trial court had no jurisdiction to entertain appellant's motion to withdraw. *See State v. McFarland*, 2d Dist. Montgomery No. 24418, 2013-Ohio-2019. As indicated by the Ohio Supreme Court, granting a motion to withdraw would be inconsistent with our decision affirming the conviction.

{¶12} Based on the above analysis, the trial court did not err in overruling appellant's motion to withdraw. Accordingly, appellant's first and second assignments of error are without merit.

Judgment affirmed.

. . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck, Jr.
R. Lynn Nothstine
Kevin D. Byrd, Jr.
Hon. Timothy N. O'Connell