[Cite as *State v. Walker*, 2014-Ohio-526.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                      :           C.A. CASE NO.    2013 CA 8
                                                                                            2013 CA 9

v.                                               :           T.C. NO.    11CR840
                                                                                     12CR621

CHRISTOPHER WALKER                               :           (Criminal appeal from
                                                             Common Pleas Court)

    Defendant-Appellant                     :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___14th___ day of _____February_____, 2014.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
       Attorney for Plaintiff-Appellee

ANTHONY R. CICERO, Atty. Reg. No. 0065408, 500 East Fifth Street, Dayton, Ohio 45402
       Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1}   Christopher Walker appeals from two judgments of the Clark County Court of Common Pleas.   In Clark C.P. No. 11 CR 840, the trial court found him guilty, on his guilty pleas, of one count of possession of cocaine and one count of assault on a peace officer.   In Clark C.P. No. 12 CR 621, the trial court found him guilty, on his guilty plea, of one count of possession of cocaine.   In its judgment entries, the court sentenced Walker to an aggregate term of eleven years and three months in prison.

{¶ 2}   For the following reasons, the judgments of conviction will be reversed and remanded.

{¶ 3}   In December 2011, Walker was indicted on one count of possession of cocaine in an amount greater than 20 grams but less than 27 grams, illegal conveyance of a weapon or prohibited items into a detention facility, and assault on a peace officer (Case No. 11 CR 840).   In September 2012, Walker was indicted on one count of having weapons while under disability and one count of possession of cocaine in excess of 20 grams but less than 27 grams (Case No. 12 CR 621).

{¶ 4}   On November 20, 2012, Walker pled guilty to the counts of possession of cocaine in both cases and to assault on a peace officer in Case No. 11 CR 840, in exchange for which the other charges and a third case (Clark C.P. No. 12 CR 264) were dismissed. At the disposition hearing, the trial court stated that Walker would be sentenced to four years on the count of possession and to 15 months on assault in Case No. 11 CR 840, to be served concurrently.   The court stated that Walker would be sentenced to six years for possession in Case No. 12 CR 621, and ordered that the sentence be served consecutively to the sentence imposed in Case No. 11 CR 840.   Walker was ordered to pay fines in both cases and, additionally, to pay restitution in Case No. 11 CR 840.

{¶ 5} The trial court's judgment entry differed from its pronouncement at the disposition hearing; the judgment entry stated that the sentences for possession and assault in Case No. 11 CR 840 would be served consecutively.

{¶ 6} Walker appeals from his convictions, raising one assignment of error, namely that his pleas were not knowingly and intelligently entered. Specifically, he contends that 1) the trial court did not explain to him that his sentences would be mandatory, and that he would therefore be ineligible for judicial release, and 2) the court did not allow him to explain what was promised to him in exchange for his pleas.

{¶ 7} Based on our observation that the sentence pronounced at the disposition hearing differed from the sentence imposed in the judgment entry, we invited the parties to provide additional briefing about this issue and its effect, if any, on Walker's arguments related to the knowing and intelligent nature of his pleas. In the supplemental briefs, each of the parties simply stated that the trial court should be allowed to correct its judgment entry. No other motions have been filed with us or the trial court.

{¶ 8} We begin with Walker's contention that his plea was not knowingly and intelligently entered.

{¶ 9} Walker was ineligible for judicial release for the mandatory drug sentences, or ten years. R.C. 2925.11(C)(4)(d) defined his drug possession offenses as felonies of the second degree and required the court to impose as a mandatory term any of the sentences appropriate for a felony of the second degree. The available sentences for a second-degree felony range from two years to eight years. R.C. 2929.14(A)(2). The court imposed four and six years, respectively, to be served consecutively. The sentence for the assault, a felony of the fourth degree, was not a mandatory sentence. (As discussed above,

the trial court's pronouncement of the sentence in open court differed from its judgment entry regarding whether the sentence for assault was to be served consecutively or concurrently with the count of possession in Case No. 11 CR 840.)

{¶ 10} Crim R. 11(C)(2)(a) provides that, in a felony case, the trial court shall not accept a plea of guilty or no contest without first addressing the defendant personally and, among other things, "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." In interpreting Crim.R. 11(C)(2)(a), we have held that judicial release is not one of the matters about which the trial court is required to address a defendant when he enters a plea of guilty or no contest. Although a mandatory sentence renders the defendant ineligible for judicial release during his prison term, "the court is not required by Crim.R. 11(C)(2)(a) to determine the defendant's understanding of that fact, absent notice of some misstatement or misrepresentation" which would require the court to ensure that the defendant's plea of guilty or no contest is knowing, intelligent, and voluntary. *State v. Byrd*, 178 Ohio App.3d 646, 2008-Ohio-5515, 899 N.E.2d 1033, ¶ 27-29, 30 (2d Dist.).

{¶ 11} Walker contends that the court "failed to insure" that he understood he was ineligible for judicial release, and therefore his plea was not knowingly and intelligently entered.

{¶ 12} At the plea hearing, the court informed Walker that there was a mandatory minimum prison sentence of two years on each of the drug offenses, that the maximum

possible sentence for these offenses was eight years, and that the sentences could run consecutively. He was also informed of the possible fines and driver's license suspensions. With respect to the assault, the court informed Walker that the maximum potential penalty was 18 months in prison, with the possibility of a fine and order of restitution. The court further stated: "Because there is a mandatory prison term, the Court will not consider putting you on probation at the disposition." No further references to probation or judicial release were made at the plea hearing.

{¶ 13} During the plea colloquy, Walker stated that he was not under the influence of drugs or alcohol, that he had discussed his case with his attorney, that he was satisfied with his attorney's representation, that no one had threatened him, that he understood the plea, including the mandatory nature of the drug possession sentences, and that he wished to enter guilty pleas to the two counts of possession and to one count of assault on a peace officer. There was no reference to eligibility for judicial release at the plea hearing. The court found Walker guilty on each count.

{¶ 14} In his statement at the disposition hearing, defense counsel stated:

* * * [The defendant] has family out there that – I mean, he understands that he is going to do time today. He has family out there. At some point after he pays his debt, he could maybe get some benefit from judicial release or some leniency the Court would deem appropriate would be greatly appreciated.

No further mention of judicial release was made at the disposition hearing, and Walker did not express any confusion or concern about his plea at that time.

**{¶ 15}** Walker urges us to consider counsel's statement about judicial release at the disposition hearing as evidence that counsel misunderstood the availability of judicial release, and to further conclude that this statement alerted the court to a possible "misstatement or misrepresentation" of the potential sentence, which compelled the court to ensure that Walker fully understood his eligibility or lack of eligibility for judicial release.

**{¶ 16}** Defense counsel's advocacy at the disposition hearing, prior to sentencing, for "judicial release or some leniency" in the future, "after [Walker] pays his debt," arguably demonstrated a misunderstanding of the law or required the court to revisit the knowing and intelligent nature of Walker's plea. The trial court's statement concerning a "mandatory sentence of two years," and that the "maximum possible sentence was eight years," could imply that any incarceration beyond the two years was not mandatory; the court further stated that it would not consider putting Walker on probation "at the disposition."

**{¶ 17}** Although Walker states in his brief that "his attorney told him he would not receive a ten year sentence, but much less of a sentence, and that he would be released even earlier on judicial release," there is no evidence *in the record* to support these specific claims. Thus, we cannot address this allegation on direct appeal.

**{¶ 18}** Walker also argues an apparently incomplete statement in the plea colloquy supports his contention that he was misled. During the plea hearing, Walker responded to a question about promises that had been made to him as follows:

THE COURT:     Has anyone made any promise to you other than what's been placed on record today to get you to enter these pleas?

DEFENDANT:     No, sir, just - -.

THE COURT: Has anyone made any threat to you to get you to enter these pleas?

DEFENDANT: No, sir.

{¶ 19} Walker contends that he "was not permitted to finish his answer" about promises that had been made to him and that this "irregularity required inquiry by the court to insure the plea was being made knowingly, intelligently, and voluntarily."

{¶ 20} The record does not reflect whether Walker was prevented from completing his statement.[1] Walker's seemingly unfinished statement at the plea hearing suggests that he *might* have had more to say, although it does not reflect *what* he would have said if he had continued, or that the statement would have related to the length or mandatory nature of his sentence or to judicial release; we cannot speculate after the fact about what the content of any additional statement might have been.

{¶ 21} We appreciate the numerous – and often changing – demands placed on a trial court when taking a plea. The Criminal Rules have explicit requirements, but these are the minimum and must be interpreted and applied on a case-by-case basis. The plea colloquy, read as a whole, is unclear as to whether Walker knowingly and intelligently entered his pleas, which imposed a duty on the court to inquire further. We therefore sustain Walker's assignment that the pleas were not made knowingly and intelligently.

{¶ 22} As we suggested when we asked the parties for additional briefing, it is well-settled that "a trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant's presence." *State v. Culver*, 160

---

[1] The transcriptionist's meaning in using dashes is unclear, and we will not attempt to assign significance to it.

Ohio App.3d 172, 2005-Ohio-1359, 826 N.E.2d 367, ¶ 70 (2d Dist.), citing *State v. Aliane,* 10th Dist. Franklin No. 03AP-840, 2004-Ohio-3730, ¶ 8. The defendant has the right under Crim.R. 43(A) to be present at every stage of trial, including sentencing. *Id. see also State v. Ranieri*, 84 Ohio App.3d 432, 434, 616 N.E.2d 1191 (8th Dist.1992) (vacating the defendant's sentence where the trial court modified the sentence in an entry filed after the sentencing hearing). Thus, the trial court erred in imposing a different and more lengthy sentence in its judgment entry than it had pronounced in Walker's presence. However, our resolution of Walker's assignment of error related to his plea renders this issue moot.

{¶ 23} The judgment of the trial court will be reversed and remanded.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Lisa M. Fannin
Anthony R. Cicero
Hon. Richard J. O'Neill