[Cite as *State v. Reynolds*, 2014-Ohio-5172.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

JASON L. REYNOLDS

      Defendant-Appellant


Appellate Case No. 26111

Trial Court Case No. 2013-CR-3501

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . .

O P I N I O N

Rendered on the 21st day of November, 2014.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellee

KATE L. BOWLING, Atty. Reg. #0084442, Bowling Law Office, L.L.C., 111 W. 1st Street, Suite 518, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Jason L. Reynolds appeals from his conviction and sentence following a guilty plea to charges of aggravated robbery, aggravated burglary, kidnapping, and related firearm specifications.

{¶ 2} In his sole assignment of error, Reynolds contends his guilty plea was not knowingly, intelligently, and voluntarily entered.

{¶ 3} The record reflects that Reynolds pled guilty to the foregoing charges in exchange for the dismissal of other charges and a jointly recommended aggregate six-year prison sentence. The parties agreed that three firearm specifications would merge into one and that the aggravated burglary would merge into either the aggravated robbery or the kidnapping. (Tr. at 4-5).

{¶ 4} After the plea agreement was read into the record, Reynolds expressed confusion about merger. He claimed he had been told "that all three counts will merge." (*Id*. at 6). The trial court responded by explaining that there was no guarantee or agreement that all three substantive counts would merge. (*Id*. at 7). It explained that Reynolds might be convicted and sentenced on two substantive counts but that those sentences would be concurrent. (*Id*.). It also expressed its inclination to accept the recommended aggregate six-year sentence on the substantive counts and the merged firearm specifications. (*Id*. at 6-7). Reynolds stated that he understood and wanted to plead guilty. (*Id*.).

{¶ 5} The trial court proceeded to engage in a Crim.R. 11 plea colloquy with Reynolds. It assured that he understood the nature of the charges, the potential penalties he faced (including

the maximum penalty), and the effect of his plea. The trial court advised him that he would not receive community control and that he would be placed on post-release control after serving his prison sentence. The trial court also addressed the consequences of violating post-release control. In addition, it inquired whether the plea was voluntary and whether any threats or promises had been made to Reynolds. It further advised him of the constitutional rights he was waiving, including his right to a jury trial, his right to confront his accusers, his privilege against self incrimination, his right to compulsory process, and his right to require the State to prove his guilt beyond a reasonable doubt. (*Id*. at 7-12).

{¶ 6} An issue then arose about whether Reynolds' sentence on the substantive offenses would be mandatory due to a prior juvenile adjudication for felonious assault. (*Id*. at 13). The trial court stated its belief that Reynolds would not be eligible for judicial release and that his sentence would be mandatory. (*Id*. at 13-14). After initially indicating that he understood, Reynolds expressed confusion because he never had gone to "DYS." (*Id*. at 14). Rather, he had been placed in "juvenile detention." (*Id*. at 15). After further discussion, however, Reynolds agreed to plead guilty knowing that he might receive a mandatory prison sentence due to his prior juvenile adjudication. (*Id*. at 15-16). The trial court accepted the guilty plea. (*Id*. at 20-21).

{¶ 7} Before sentencing, Reynolds moved to withdraw the guilty plea. (Doc. #35). He then changed his mind and withdrew the motion. (Doc. #36; Tr. at 22). The matter proceeded to sentencing. Consistent with the plea agreement, the trial court merged the aggravated burglary and the aggravated robbery counts as allied offenses. (Tr. at 24). The State elected to proceed with sentencing on the aggravated robbery. (*Id*. at 25). Consistent with the plea agreement, the trial court imposed concurrent three-year prison sentences for aggravated robbery and

kidnapping. Also consistent with the plea agreement, it merged the firearm specifications into one and imposed a consecutive three-year prison term, resulting in the jointly recommended six-year aggregate prison sentence. (*Id.*).

{¶ 8} On appeal, Reynolds suggests he did not enter his guilty plea knowingly because he exhibited "incomprehension" throughout the plea colloquy. In support, he cites his initial confusion over whether "all three counts would merge" and whether he would be subject to mandatory time on the substantive offenses. Reynolds claims this confusion resulted in him not understanding the nature of the penalty he was facing, particularly the fact that he could be required to serve six years in prison without judicial release.

{¶ 9} Upon review, we find no merit in Reynolds' argument. Criminal Rule 11(C)(2)(a) provides that, in a felony case, the trial court shall not accept a plea of guilty or no contest without first addressing the defendant personally and, among other things, "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."

{¶ 10} Although Reynolds initially expressed some confusion, the trial court clarified that all three substantive counts would not merge and that he could be convicted and sentenced on two of them, albeit with concurrent sentences. Reynolds indicated that he understood, and that is precisely what happened at sentencing. (Tr. at 6-7, 24-25). Regarding mandatory time on the substantive counts, Reynolds does not challenge the actual imposition of a mandatory sentence itself. Instead, he contends confusion about the issue resulted in him not understanding that he could be required to serve mandatory time without judicial release. Therefore, he claims his plea

was invalid. We disagree.

{¶ 11}  In interpreting Crim.R. 11(C)(2)(a), this court has held that "when a defendant on whom a mandatory prison sentence is imposed enters a plea of guilty or no contest, before accepting the plea the court must determine the defendant's understanding that the mandatory sentence renders the defendant ineligible for alternative sentences of probation or community-control sanctions." *State v. Byrd*, 178 Ohio App. 3d 646, 2008-Ohio-5515, 899 N.E.2d 1033, ¶ 30 (2d Dist.). Although a mandatory sentence also makes a defendant ineligible for judicial release during his prison term, "'the court is not required by Crim.R. 11(C)(2)(a) to determine the defendant's understanding of that fact, absent notice of some misstatement or misrepresentation' which would require the court to ensure that the defendant's plea of guilty or no contest is knowing, intelligent, and voluntary." *State. v. Walker*, 2d Dist. Clark Nos. 2013 CA 8, 2013 CA 9, 2014-Ohio-526, ¶ 10, citing *Byrd*.

{¶ 12}  Here the trial court advised Reynolds during the plea hearing that it believed he was subject to a mandatory sentence. (Tr. at 13-16). It also advised him that he was ineligible for, and would not receive, community control or probation. (*Id*. at 10). Although it was not required to do so, the trial court further explained that the mandatory nature of Reynolds' sentence would make him ineligible for judicial release while in prison. (*Id*. at 13-16). Reynolds indicated that he understood and that he wanted to plead guilty anyway. (*Id*.). Contrary to his argument on appeal, we see no confusion or incomprehension on his part that rendered his plea less than knowing, intelligent, and voluntary.

{¶ 13}  The assignment of error is overruled, and the trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and FAIN, J., concur.


Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Kate L. Bowling
Hon. Timothy N. O'Connell