[Cite as *State v. Brownlee*, 2023-Ohio-1090.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-L-075** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the<br>Court of Common Pleas |
| LAMAR BROWNLEE, JR., | |
| Defendant-Appellant. | Trial Court No. 2017 CR 000692 |

**O P I N I O N**

Decided: March 31, 2023
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Catherine R. Meehan*, Patituce & Associates, LLC, 16855 Foltz Industrial Parkway, Strongsville, OH 44149 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Lamar Brownlee, Jr., appeals from the judgment of the Lake County Court of Common Pleas, denying his post-sentence motion to withdraw his guilty plea. We affirm the trial court.

{¶2} On June 6, 2017, appellant, and two accomplices, were driving in Willoughby, Ohio. Appellant, the driver of the vehicle, stopped at two restaurants, and his two accomplices robbed the same at gunpoint. Police were notified and were provided a description of the vehicle, as well as a license plate number.

**{¶3}** Officers ultimately located a vehicle matching the description and an active pursuit ensued. The vehicle appellant was driving struck a spike strip and crashed. Appellant fled on foot and was eventually apprehended. In the vehicle, officers found two semi-automatic pistols with extended magazines. The firearms matched the description of the weapons used in the robberies; officers also found a black neoprene mask, cell phones, two electronic scales, a black skull cap, and the cash drawers from the pizza shops.

**{¶4}** Appellant was indicted on the following charges: Count One, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with an accompanying firearm specification, pursuant to R.C. 2941.145, and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Two, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with an accompanying firearm specification, pursuant to R.C. 2941.145, and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Three, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(2), with an accompanying firearm specification, pursuant to R.C. 2941.145 and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Four, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(2), with an accompanying firearm specification, pursuant to R.C. 2941.145 and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Five, improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B), with an accompanying forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Six, failure to comply with order or signal of police officer, a felony of the third degree, in violation of R.C. 2921.331(B), with

2

an accompanying firearm specification, pursuant to R.C. 2941.145 and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Seven, receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A), with an accompanying firearm specification, pursuant to R.C. 2941.145 and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Eight, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3), with an accompanying forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; and Count Nine, possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24, with an accompanying forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04. A plea of "not guilty" was entered on appellant's behalf.

{¶5} Appellant subsequently withdrew his plea of "not guilty," and entered a plea of "guilty" to Count One and Count Two with their accompanying specifications. The trial court nollied the remaining counts. During the plea hearing, the trial court advised appellant that during his mandatory incarceration, he is not eligible for judicial release. Appellant stated he understood this. The trial court also advised appellant that, after his mandatory term of incarceration, he would be eligible for judicial release, but such release is not automatic. Appellant again asserted he understood this.

{¶6} The matter proceeded to sentencing. During the hearing, the trial court noted appellant had sent the court two letters. The court read the letters into the record. The first letter notified the court of appellant's belief that he was misinformed, by both counsel and the trial court, regarding his eligibility for judicial release at his plea hearing. The second appeared to reiterate the same point, and also stated he did not understand,

3

Case No. 2022-L-075

at the time of his plea, that the firearm specifications would be served consecutively to one another. The trial court treated the mutual letters as a motion to withdraw appellant's plea. The court then asked appellant how he wished to proceed, to which appellant replied: "Leave my plea of guilty where it's at and proceed with sentencing."

{¶7} The trial court asked defense counsel if he wished to address any issues pertaining to appellant's letters / "motion to withdraw." Counsel observed:

> "No, Your Honor. I, he does think maybe he got wrong information from other individuals but I also had to explain to him you can't really negotiate, ask the Court, they can't make any promises about what the sentence is going to be before they do that and to base your decisions on as far as the plea is concerned. So he understands now if you want to ask the Court to dismiss, motion to withdraw his plea."

{¶8} The trial court then asked appellant if he desired to withdraw the motion to which appellant replied, "yes."

{¶9} The trial court subsequently ordered appellant to serve prison terms of five years on both Count One and Count Two, to be served consecutively; appellant was also ordered to serve two three-year terms for the firearm specifications, for an aggregate term of 16 years imprisonment.

{¶10} Appellant appealed his sentence and, in *State v. Brownlee*, 11th Dist. Lake No. 2017-L-166, 2018-Ohio-3841, this court affirmed the same. Appellant later filed an application for reopening his direct appeal. Appellant alleged, inter alia, that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness regarding inaccurate legal advice regarding his eligibility for judicial release. This court overruled the application because it was untimely and appellant did not attempt to establish he had good cause for filing the pleading out of rule. Appellant later filed a successive application

4

for reopening, attempting to show good cause. This court overruled the successive application, concluding a party has no right to file a successive application and, even if the application was proper, he failed to establish good cause for the untimely filing.

{¶11} In June 2022, appellant filed a motion to withdraw his guilty plea. Appellant asserted the trial court should vacate his plea because it incorrectly advised him regarding judicial release and his trial counsel failed to ensure he was properly advised regarding judicial release. The state opposed the motion and the trial court denied the same without a hearing. The court determined the motion failed to establish a manifest injustice and appellant's claims for ineffective assistance of counsel were barred by res judicata. Appellant now appeals and assigns the following as error:

{¶12} "The trial court abused its discretion by denying Mr. Brownlee's motion to withdraw plea based on incorrect legal advice as to eligibility for judicial release and the ineffective assistance of trial counsel."

{¶13} Under his assignment of error, appellant argues that the trial court erred in denying his post-sentence motion to withdraw his guilty plea. In support of this argument, appellant maintains that he received ineffective assistance of counsel, based upon counsel misinforming him that he would be eligible for judicial release immediately after his service of the mandatory term of imprisonment. Appellant concludes that, as a result of this misinformation, his guilty plea was neither knowing nor voluntary and should have been withdrawn.

{¶14} To withdraw a guilty plea after sentencing, a defendant must show that the withdrawal is necessary to correct a manifest injustice. Crim.R. 32.1. *See also State v. Glenn,* 11th Dist. Lake No. 2003-L-022, 2004-Ohio-2917, ¶ 26. The defendant bears the

5

burden of establishing the existence of a manifest injustice. *Id.* A manifest injustice has been described as "an obvious, unjust act or fundamental flaw in the proceedings." (Citations omitted.) *State v. Bell*, 11th Dist. Portage No. 2018-P-0016, 2018-Ohio-4373, ¶ 10.

{¶15} The trial court is vested with the sound discretion to grant or deny a post-sentence motion for withdrawal of a guilty plea. *State v. Pearson,* 11th Dist. Nos. 2002-G-2413, 2002-G-2414, 2003-Ohio-6962, ¶ 7. Accordingly, our review of the trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the lower court abused its discretion. *Glenn* at ¶ 27

{¶16} A claim of ineffective assistance of trial counsel may serve as a basis for seeking a post-sentence withdrawal of a guilty or no-contest plea under Crim.R. 32.1. *See State v. Taveras*, 2017-Ohio-1496, 89 N.E.3d 6, ¶ 17 (12th Dist.) "When an alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty." (Citation removed.) *Id.* at ¶ 17.

{¶17} Appellant emphasizes that several appellate cases have held "'that a guilty plea may be invalidated where the defendant is given misinformation regarding judicial release.'" *State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, ¶ 57 (8th Dist.), quoting *State v. Williams*, 8th Dist. Cuyahoga Nos. 104078 and 104849, 2017-Ohio-2650, ¶ 15. *See also State v. Ealom*, 8th Dist. Cuyahoga No. 91455, 2009-Ohio-1365, ¶ 26-28. The point of this principle is "[w]hen a defendant is induced to enter a guilty plea by erroneous representations as to the applicable law, the plea has not been entered knowingly and

6

intelligently." *State v. Mitchell*, 11th Dist. Trumbull No. 2004-T-0139, 2006-Ohio-618, ¶ 15, citing *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶18} In *Davner*, the trial court informed the defendant of the potential maximum sentences he could receive during the plea colloquy. The defendant, however, represented he did not understand, based upon his attorney's representations regarding judicial release, that if he received a sentence of five or more years, he would not be eligible for judicial release *until* he served five years of that sentence. *Id.* at ¶ 56. The record supported the defendant's claim that his attorney failed to provide him with complete and accurate legal advice regarding his eligibility for judicial release before entering his guilty pleas. *Id.* To wit, his attorney advised the defendant he would be eligible for judicial release after serving six months of his sentence; the attorney did not explain, however, that if he received a sentence of five years or longer, he would not be eligible for judicial release until after five years. *Id.* The Eighth Appellate District determined, under the circumstances before it, the defendant presented credible evidence establishing a reasonable probability that, but for counsel's incomplete advisements regarding judicial release, he would not have entered his plea. *Id.* at ¶ 57.

{¶19} Further, in *Ealom*, the defendant challenged the knowing, intelligent, and voluntary character of his plea of guilty where the trial court, not counsel, misrepresented the possibility of judicial release. In that matter, the trial court advised the defendant that, during the period of mandatory sentencing (which was a three-year firearm specification), he would not be eligible for judicial release. *Id.* at ¶ 11. When the court later represented the defendant would not be eligible for judicial release, the defendant replied, "I'm not?" *Id.* at ¶ 15-17. The court then stated that the defendant was ineligible for judicial release

7

until he served three and one half years. The defendant represented he understood this. *Id.* at ¶ 19. Because, however, the defendant received an 11-year term of imprisonment, he was not an eligible offender at all under the then-governing section of R.C. 2929.20 (Ohio's judicial release statute). *Id.* at ¶ 5. The appellate court determined that, under the circumstances of that case, the defendant's plea was not knowingly, intelligently, and voluntarily entered. *Id.* at ¶ 28.

{¶20} Appellant contends, similar to *Davner*, his trial counsel misinformed him of the nature of his eligibility for judicial release before his change of plea. And, similar to *Ealom*, appellant contends, the trial court, on record, misinformed him of his eligibility status. We do not necessarily agree.

{¶21} The record is clear, appellant was told, prior to entering his plea, of his eligibility for judicial release. Specifically, he was advised that he would not be eligible for judicial release until his mandatory incarceration expired. Appellant inferred from this that his mandatory terms would expire once he served the two, consecutive firearm terms, i.e., six years. The terms for the firearm specifications are mandatory and the remaining term of imprisonment, i.e., five years for each felony-one count for a total of 10 years, was not mandatory, but within the discretion of the court. Appellant was consequently ordered to serve an aggregate term of 16 years imprisonment.

{¶22} Although only six years of the 16-year term are mandatory under the felony sentencing code, R.C. 2929.20(C)(4), the judicial release statute, provides: "If the aggregated nonmandatory prison term or terms is more than five years but not more than ten years, the eligible offender may file the motion [for judicial release] not earlier than the date on which the eligible offender has served five years of the offender's stated prison

8

term *or*, if the prison term includes a mandatory prison term or terms, not earlier than five years after the expiration of all mandatory prison terms." (Emphasis added.)

{¶23} Because appellant was sentenced to an aggregate, nonmandatory 10-year term on his plea to the two felony-one counts, R.C. 2929.20(C)(4) requires appellant to serve an additional five years after serving his mandatory term (six years) before he is permitted to file a motion for judicial release. Hence, statutorily, appellant's sentence carried with it a mandatory 11-year term before he would be eligible for judicial release. In this respect, the trial court's advisement that appellant would be eligible for judicial release after his mandatory term is not entirely inaccurate; rather, it requires the felony sentencing statute to be read in pari materia with the judicial release statute. When so read, appellant's mandatory six-year term for the firearm specifications automatically becomes a mandatory 11 years upon application of R.C. 2929.20(C)(4) – in effect, appellant was functionally required to serve 11 years (mandatorily by statute) *before* he could be eligible to file for judicial release. This case is, therefore, fundamentally distinguishable from both *Davner* and *Ealom*.

{¶24} Furthermore, it bears noting that while *Davner* and *Ealom* stand for the principle that a trial counsel and the trial court may not misinform a defendant regarding his or her eligibility for judicial release, Crim.R. 11(C) does not place a specific burden on the trial court to inform a defendant of his or her eligibility for judicial release. Crim.R. 11(C)(2)(a) is concerned with sentences the court can impose; if applicable, probation and community-control sanctions are sentences the court can impose at the sentencing hearing. *Id. See also State v. Byrd*, 178 Ohio App.3d 646, 2008-Ohio-5515, ¶ 28 (2d Dist.). Judicial release, alternatively, acts to decrease a stated prison term that was

9

imposed. *Id.* A defendant's eligibility or ineligibility for judicial release is not one of the matters Crim.R. 11(C)(2)(a) specifically addresses or requires a court to directly address vis-à-vis the sentence a court may impose when the defendant enters a plea of guilty or no contest.

{¶25} That said, as noted above, appellant was given the opportunity to withdraw his plea prior to sentencing based upon, inter alia, his position that he was misinformed regarding judicial release. He expressly stated on the record that he wished to "[l]eave [his] plea of guilty where it's at and proceed with sentencing." He then confirmed that he desired his motion to be withdrawn. Appellant may have recognized that, had his plea to Counts One and Two been withdrawn and he went to trial on the indicted counts, irrespective of any merger, he faced a significantly greater prison sentence. Regardless, appellant's motion to withdraw was before the court, he was given the opportunity to proceed on the motion, and he voluntarily withdrew the same. Furthermore, although one may be "eligible" to file a motion for judicial release, judicial release is not guaranteed, and in the court's experience, is a rare occurrence on sentences less than the maximum on violent felonies where firearms are used. This court is not convinced "that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty."

{¶26} "Res judicata bars claims raised in a Crim.R. 32.1 post-sentence motion to withdraw guilty plea that were raised or could have been raised in a prior proceeding." *State v. McDonald,* 11th Dist. Lake No. 2003-L-155, 2004-Ohio-6332, ¶ 22. Appellant actually raised his claims prior to sentencing and voluntarily elected to withdraw the argument in favor of proceeding to sentencing on the plea which was previously negotiated. Appellant had the opportunity to pursue his challenge prior to sentencing, but

10

Case No. 2022-L-075

expressly and voluntarily chose not to do so. The issue has been formerly adjudicated and is thus barred by res judicata.

{¶27} Appellant's assignment of error is overruled.

{¶28} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2022-L-075