The STATE of Ohio, Appellee,

v.

SILVERS, Appellant.

[Cite as *State v. Silvers*, 181 Ohio App.3d 26, 2009-Ohio-687.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2007 CA 44.

Decided Feb. 13, 2009.

Stephen K. Haller, Green County Prosecuting Attorney, and Elizabeth A. Ellis and Stephanie R. Hayden, Assistant Prosecuting Attorneys, for appellee.

Robert Alan Brenner, for appellant.

_____

DONOVAN, Presiding Judge.

{¶ 1} Defendant-appellant, Philip R. Silvers, appeals from his conviction and sentence for four counts of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and six counts of gross sexual imposition in violation of R.C.

2907.05(A)(4), a felony of the third degree. Silvers filed a timely notice of appeal with this court on May 16, 2007.

## I

{¶ 2} On January 2, 2007, Silvers was charged by secret indictment with eight counts of rape of a child under 13 in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and six counts of gross sexual imposition of a child under 13 in violation of R.C. 2907.05(A)(4), a felony of the third degree. Silvers was arraigned on January 12, 2007, and pleaded not guilty to all of the charges in the indictment.

{¶ 3} The charges brought against Silvers stemmed from events that occurred approximately ten years before the indictment was filed. The victim was Silvers's stepson,[1] who alleged that he was repeatedly sexually abused by Silvers from September 1996 through August 1997.

{¶ 4} On March 2, 2007, Silvers signed a petition-to-enter-a-plea form in order to plead guilty to four counts of rape of child under 13 and six counts of gross sexual imposition in return for dismissal of the remaining charges. On March 3, 2007, the trial court accepted his guilty pleas. Subsequently, the trial court sentenced Silvers to four consecutive ten-year terms of imprisonment on the charges and six concurrent five-year terms on the gross-sexual-imposition charges, for an aggregate sentence of 40 years' imprisonment.

{¶ 5} It is from this judgment that Silvers now appeals.

## II

{¶ 6} Silvers's first assignment of error is as follows:

{¶ 7} "The trial court erred in accepting Mr. Silvers' pleas which were not made knowingly, intelligently, and voluntarily, in violation of Criminal Rule 11(C)(2)(a)."

{¶ 8} In his first assignment, Silvers contends that the trial court erred when it failed to inform him during the Crim.R. 11(C) colloquy that, pursuant to R.C. 2929.13(F)(2), he would be sentenced to a mandatory prison term in light of Silvers's guilty pleas to four counts of rape. Silvers's plea form, however, incorrectly stated that he did not face a mandatory prison term. Silvers further argues that the trial court unequivocally told him that he was not eligible for community control when Silvers's plea form stated that he was eligible for

---

1. Silvers's stepson was approximately 18 years old when he reported the sexual abuse. At the time the abuse occurred, Silvers's stepson was only nine years old.

community control "upon the granting of judicial release." The trial court failed to explain to Silvers, however, that he could not be considered for judicial release until after he served the mandatory portion of the prison term to which he had been sentenced. Silvers points out that although the trial court had a copy of the plea form that contained the incorrect information, the court did not attempt to correct the discrepancies between the information it orally provided to him and the incorrect information on the plea form. Thus, Silvers argues that the totality of the circumstances demonstrates that the trial court did not substantially comply with the mandates of Crim.R. 11(C), and he contends that his conviction should be reversed. Crim.R. 11(C) sets forth the requisite notice to be given to a defendant at a plea hearing on a felony. To be fully informed of the effect of the plea, the court must determine that the defendant's plea was made with an "understanding of the nature of the charges and the maximum penalty involved." Crim.R. 11(C)(2)(a).

{¶ 9} In order for a plea to be given knowingly and voluntarily, the trial court must follow the mandates of Crim.R. 11(C). If a defendant's guilty plea is not voluntary and knowing, it has been obtained in violation of due process and is void. *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274.

{¶ 10} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163; Crim.R. 52(A). The test is whether the plea would have been otherwise made. Id. at 108, 5 O.O.3d 52, 364 N.E.2d 1163.

{¶ 11} A trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. These include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination. Id. at 243–244, 5 O.O.3d 52, 364 N.E.2d 1163. However, substantial compliance with Crim.R. 11(C) is sufficient when waiving nonconstitutional rights. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. The nonconstitutional rights that a defendant must be informed of are the nature of the charges with an understanding of the law in relation to the facts, the maximum penalty, and that after entering a guilty plea or a no-contest plea, the court may proceed to judgment and sentence. Crim.R. 11(C)(2)(a)(b); *State v. Philpott* (Dec. 14, 2000), 8th District No. 74392, 2000 WL 1867395, citing *McCarthy v. United States* (1969), 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶ 12} Silvers and the state agree that Silvers was not, in fact, eligible for the imposition of community control, because he was facing a mandatory prison term under R.C. 2929.13(F)(2). Silvers's mandatory sentences likewise rendered him ineligible for judicial release during his prison term. R.C. 2929.20(A). The trial court orally advised Silvers that he was not eligible for community control during the Crim.R. 11(C) plea colloquy. The trial court, however, failed to inform Silvers that the petition-to-enter-a-plea form was incorrect and, therefore, was inconsistent with the court's plea colloquy insofar as the form affirmatively stated that none of his prison term was mandatory and that Silvers was eligible for community control "upon the granting of judicial release."

{¶ 13} When a defendant who is subject to a mandatory prison sentence enters a plea of guilty or no contest, Crim.R. 11(C)(2)(a) requires the trial court, before accepting the plea, determine that the defendant understands that the mandatory sentence renders the defendant ineligible for community-control sanctions. *State v. Byrd* (2008), 178 Ohio App.3d 646, 899 N.E.2d 1033. The record establishes that the trial court in the instant case had before it a copy of Silvers's plea form, which clearly stated that he did not face a mandatory sentence and that he was eligible for community control "upon the granting of judicial release." The trial court made no attempt to amend this incorrect and misleading information in the plea form in order for it to conform with the information that the court orally provided to Silvers, namely that he was ineligible for community control. Thus, the trial court failed to substantially comply with Crim.R. 11(C)(2)(a). Under these circumstances, Silvers was unable to subjectively understand the implications of his plea and the rights he was waiving.

{¶ 14} We also note that "[a] defendant's ineligibility for judicial release is not one of the matters regarding which Crim.R. 11(C)(2)(a) requires the court to determine a defendant's understanding concerning the sentence the court may impose" when the defendant enters a guilty plea. *Byrd,* 178 Ohio App.3d 646, 899 N.E.2d 1033. "Absent some misstatement or misrepresentation that causes the determination to be 'applicable' in order to ensure that the defendant's plea of guilty * * * is knowing, intelligent, and voluntary," the trial court is not required to inform defendant that he is ineligible for judicial release. Id.

{¶ 15} The record demonstrates that the trial court never discussed the availability or unavailability of judicial release with Silvers during the Crim.R. 11(C) plea colloquy. Generally, the court would not be required to make such a determination but for a "misstatement or misrepresentation that causes the determination to be 'applicable.'" Id. The incorrect information in the plea form, which stated that Silvers was "eligible to be given a community control sanction * * * upon the granting of judicial release," is clearly a misstatement, since Silvers was not eligible for judicial release while serving a mandatory prison

sentence for the rape counts. Thus, the trial court failed to substantially comply with Crim.R. 11(C)(2)(a) when it did not amend the incorrect information in the petition-to-enter-a-plea form by affirmatively notifying Silvers during the plea colloquy that he was ineligible for judicial release. As a result, Silvers's guilty pleas were not knowingly, intelligently, nor voluntarily made.

{¶ 16} This opinion should in no way be interpreted as a criticism of the practice employed in Greene County of utilizing the petition-to-enter-a-plea form. In fact, we find the use of the plea form to be a salutary effort specifically designed to supplement a defendant's understanding of the plea proceedings. Great care, however, must be taken to ensure that the information provided by the trial judge during the Crim.R. 11(C) colloquy corresponds with the information contained in the plea form in order to avoid a situation similar to the one at bar.

{¶ 17} Silvers's first assignment of error is sustained.

### III

{¶ 18} Silvers's remaining assignments of error are as follows:

{¶ 19} "The trial court imposed a sentence that is contrary to law.

{¶ 20} "The trial court erred by sentencing Mr. Silvers based on information not disclosed to Mr. Silvers.

{¶ 21} "The sentencing judge erred by basing his sentencing decision on his religious beliefs.

{¶ 22} "The trial court erred in sentencing Mr. Silvers to more than a minimum/concurrent prison term.

{¶ 23} "Mr. Silvers was not afforded the effective assistance of counsel.

{¶ 24} "The trial court erred by attempting to correct the sentence through the September 12, 2007, nunc pro tunc entry."

{¶ 25} In light of our decision sustaining Silvers's first assignment of error, his remaining assignments are rendered moot.

### IV

{¶ 26} Silvers's first assignment of error having been sustained, his conviction and subsequent sentence are reversed and vacated, and this matter is remanded for proceedings consistent with this opinion.

Judgment reversed,
sentence vacated,
and cause remanded.

BROGAN and FAIN, JJ., concur.