[Cite as *State v. Givens*, 2015-Ohio-361.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-02-047 |
| | : | O P I N I O N |
| - vs - | | 2/2/2015 |
| | : | |
| DEONTE CORTEZ GIVENS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2013-09-1490


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1} Defendant-appellant, Deonte Givens, appeals from his conviction and the sentence he received in the Butler County Court of Common Pleas following his guilty plea to robbery, theft and a firearm specification.

{¶ 2} On January 7, 2014, Givens pled guilty to charges of robbery with a gun specification and petty theft. At the plea hearing, the trial court attempted to engage in a plea colloquy as required by Crim.R. 11.

{¶ 3} During that colloquy, the trial court failed to advise Givens that he was subject to a mandatory prison term for the robbery charge because he had been adjudicated delinquent for aggravated robbery as a minor. While the trial court advised Givens that "the minimum sentence you could get there would be two years," the court did not advise Givens that the minimum sentence was mandatory.

{¶ 4} The trial court went on to advise Givens that he may be eligible to earn days of credit while in prison. However, because Givens' prison term was mandatory, he was not eligible to earn days of credit. In addition, the trial court informed Givens that there was a "presumption that prison is necessary." However, prison was mandatory for Givens rather than merely presumed. Moreover, the plea form itself was marked "N/A" under the heading titled "Prison Term is Mandatory/Consecutive." Finally, the judgment of conviction entry itself did not state that the prison sentence for the robbery conviction is mandatory.

{¶ 5} Givens now appeals his conviction and sentence, raising three assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ITS ACCEPTANCE OF A GUILTY PLEA WHICH WAS NOT KNOWING, INTELLIGENT AND VOLUNTARY, IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶ 8} Within this assignment of error, Givens argues that, "[a] trial court errs in misadvising an accused of the mandatory nature of his prison sentence during the plea colloquy, and the court further errs in advising [the] accused that he can earn credit against the prison term to be imposed."

{¶ 9} The defendant's plea in a criminal case is invalid if not made knowingly,

intelligently, and voluntarily. *State v. Ackley*, 12th Dist. Madison No. CA2013–04–010, 2014-Ohio-876, ¶ 8, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States and Ohio Constitutions. *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, ¶ 8.

{¶ 10} Crim.R. 11(C) facilitates an accurate determination as to whether a plea to a felony charge meets these criteria by ensuring an adequate record for review. *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). Crim.R. 11(C)(2) requires the trial court to hold a plea colloquy with the defendant for the purposes of:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} In conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his decision and enter a valid plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 26.

{¶ 12} A guilty plea is invalid if the trial court does not strictly comply with Crim.R. 11(C)(2)(c), which requires the court to verify the defendant understands the constitutional rights that he is waiving. *Ackley* at ¶ 9, citing *Veney* at ¶ 31. But a court need only

substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b). *Ackley* at ¶ 9. Under the substantial compliance standard, the appellate court must review the totality of the circumstances surrounding the defendant's plea and determine whether he subjectively understood the effects of his plea. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 20.

{¶ 13} Even if we find the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b), then we must make a further determination as to whether the trial court at least partially complied. *Hendrix*, 2013-Ohio-4978 at ¶ 11, citing *Clark*, 119 Ohio St.3d 239 at ¶ 32. If the trial court wholly failed to comply, the plea must be vacated. *Sarkozy*, 117 Ohio St.3d 86 at ¶ 22. If, on the other hand, the trial court partially complied, then the plea will not be vacated unless the defendant can show he was prejudiced by the extent to which the trial court was in noncompliance. *Hendrix* at ¶ 11.

{¶ 14} It is undisputed that the trial court strictly complied with the constitutional requirements of Crim.R. 11(C)(2)(c). With respect to the required notifications regarding constitutional rights, the court advised Givens that a guilty plea would waive his rights to have the matter tried before the court, to require the state to prove his guilt beyond a reasonable doubt, to confront witnesses against him, and to subpoena witnesses in his defense. Givens affirmed that he understood the rights he was waiving.

{¶ 15} On the other hand, the trial court wholly failed to comply with the nonconstitutional notifications of Crim.R. 11(C)(2)(a) and (b). The state argues that Givens was repeatedly advised that he would be serving a mandatory sentence. A review of the record demonstrates that each of the examples cited by the state were made in reference to the gun specification charge, not the robbery charge. It is undisputed that the trial court properly advised Givens that he would be subject to a mandatory prison sentence on the gun specification charge both at the plea hearing and on the plea form. However, the trial court

failed to advise Givens that he was subject to a mandatory prison sentence on the robbery charge.

{¶ 16} The miscommunication regarding the mandatory term of Givens' potential sentence was too significant to allow the conclusion that he subjectively understood the effects of his plea. Indeed, Givens' plea form itself suggested there was no mandatory prison term for the robbery charge. Furthermore, Givens was improperly advised at the plea hearing that prison was merely a presumption and that he was eligible to earn credit. At no point, either through the plea form or during the plea hearing, was Givens advised that the robbery charge carried a mandatory prison term. In fact, Givens was expressly advised that a prison term was not mandatory. Such a failure cannot be considered harmless as a mandatory prison term renders Givens ineligible for community control, judicial release, or earned credit on the robbery charge. *State v. Hendrix*, 12th Dist. Butler App. No. CA2012-12-265, 2013-Ohio-4978, ¶ 26. Accordingly, we find that Givens could not have subjectively understood that he was subject to a mandatory prison term on the robbery charge.

{¶ 17} In light of the foregoing, having found that Givens' plea was not made knowingly, intelligently and voluntarily where the trial court failed to advise him that he was subject to a mandatory prison term on the robbery charge, Givens' first assignment of error is sustained.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF APPELLANT IN IMPOSING MULTIPLE SENTENCES FOR ALLIED OFFENSES.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT AFFORDING HIS RIGHT OF ALLOCUTION BEFORE IMPOSING SENTENCE.

{¶ 22} Based upon our resolution of the Givens' first assignment of error, the

remaining assignments of error are rendered moot.

{¶ 23} Givens' conviction and sentence for robbery, theft and the firearm specification are hereby reversed and his plea to those offenses is vacated. This matter is reversed and remanded to the trial court for further proceedings consistent with the law and in accordance with this opinion.

HENDRICKSON and PIPER, JJ., concur.