[Cite as *State v. Perkins*, 2016-Ohio-4581.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 26788 |
| Plaintiff-Appellee | : | 26797 |
| | : | 26804 |
| v. | : | |
| | : | Trial Court Case No. 05-CR-1432 |
| NATHAN PERKINS | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 24th day of June, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
     Attorney for Plaintiff-Appellee

NATHAN PERKINS, A.C.I., #517-266, 2338 North West Street, Lima, Ohio 45802
     Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Nathan Perkins returns to us for his third appeal regarding his 2006 convictions and sentence for felonious assault, weapons under disability, failure to comply with order of a police officer, and kidnapping. Perkins asserts

that the trial court erred in overruling his motion to withdraw his plea, that his offenses should have merged for sentencing purposes, and that his counsel was ineffective. Since all of these issues have previously been reviewed by this court, we conclude that Perkins's appeal is barred by the doctrine of res judicata.

## I. The Course of Proceedings

{¶ 2} This case has a lengthy procedural history that is set forth in *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶¶4-23. Therein, we overruled two assignments of error and affirmed Perkin's convictions and sentence, finding no error in the trial court's overruling of Perkins's motion to withdraw his plea or in its overruling of his motion to merge offenses for the purposes of sentencing. Subsequent to our 2014 judgment, Perkins moved in the trial court to vacate his sentence, arguing that it was void because the court had not sentenced him to a mandatory prison term and a mandatory term of post-release control. The trial court overruled the motion to vacate the sentence, but agreed to set a re-sentencing hearing to address the post-release control issue. Before the re-sentencing hearing was scheduled, Perkins appealed from the overruling of his motion to vacate a void sentence. We dismissed the appeal for lack of a final appealable order. *State v. Perkins*, 2d Dist. Montgomery No. 26550 (March 31, 2015).

{¶ 3} On January 27, 2015, Perkins's motion for judicial release was overruled by the trial court upon the ground that he was not eligible for judicial release. After conducting a re-sentencing hearing on February 6, 2015, the trial court issued an amended nunc pro tunc termination entry, adding post-release control provisions for each of the offenses, along with the complete conviction and sentencing provisions. This amended entry also

reinstated a previous order for restitution to a victim without specifying the amount owed. Perkins did not appeal after the re-sentencing hearing and the issuance of the amended nunc pro tunc termination entry.   Thereafter, Perkins moved for a hearing on the order for restitution, and again moved to withdraw his plea. The trial court found that a hearing was unnecessary, and on July 8, 2015, issued an amended termination entry omitting any order of restitution and restating the entirety of the judgment of conviction and sentence. On July 21, 2015, the trial court overruled Perkins's motion to withdraw his plea, finding that Crim. R. 11(C)(2) does not require the trial court to determine a defendant's understanding that his mandatory sentence makes him ineligible for judicial release during his prison term. The trial court also concluded that its recent denial of judicial release did not reopen the issues that were previously litigated and reviewed on appeal.

{¶ 4} Perkins has filed three notices of appeal that have been consolidated for our review.   CA 26788 appeals from the order overruling the motion to vacate the sentence, CA26797 appeals from the amended termination entry filed July 8, 2015, and CA 26804 appeals from the order overruling the motion to withdraw the plea.

## II. All of Perkins's Claims Are Barred by Res Judicata

{¶ 5}  All of Perkins's assignments of error raise issues we have already resolved in his prior appeals. The issues raised in the First and Fourth Assignments of Error -- the alleged denial of due process because Perkins's no-contest plea was not knowingly, intelligently and voluntarily given and the alleged error in denying Perkins the right to withdraw his plea -- are addressed in our 2014 decision. We concluded that the argued

grounds for withdrawing the plea "would have been apparent on the record and could have been raised on direct appeal." *State v. Perkins*, 2014-Ohio-1863 at ¶ 62. In this appeal, Perkins contends that he was not properly informed that he would not be eligible for judicial release, the same grounds he previously argued for the right to withdraw his plea. We again conclude that the argued grounds would have been apparent on the record at the time of his initial conviction, and should have been raised in his first appeal.

**{¶ 6}** We have also previously addressed the issue raised in Perkins's Second Assignment of Error, that the trial court erred in overruling his motion to merge allied offenses for the purposes of sentencing. We concluded that this identical issue was being raised for the third time, having been addressed in Perkins's application to reopen the original direct appeal, and in the second appeal that was voluntarily dismissed. *State v. Perkins*, 2014-Ohio-1863 at ¶¶67-71. We again conclude that the merger issue is barred by res judicata, for the same reasons set forth in our previous opinion:

Perkins was convicted and sentenced in 2006, and his direct appeal concluded in 2007. As a result, the motion to merge the offenses was beyond the 180-day time limit in R.C. 2953.21(A)(2), and was untimely.

R.C. 2953.23(A)(1) creates an exception to the 180-day time limit, but we have held that this exception does not apply where a petition argues only sentencing issues, rather than issues pertaining to the defendant's guilt. *State v. Singleton*, 2d Dist. Montgomery No. 25946, 2014-Ohio-630, ¶ 17, citing *State v. Hughes*, 10th Dist. Franklin No. 12AP–165, 2012-Ohio-4513, ¶ 10. (Other citations omitted.) However, even if the petition had been timely, the merger issue is barred by res judicata.

"[A]llied-offense claims are nonjurisdictional * * *." *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10. Consequently, these claims "may be barred through application of the principles of res judicata." (Citations omitted.) *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 7. *See, also, State v. Pound*, 2d Dist. Montgomery Nos. 24789, 24980, 2012-Ohio-3392, ¶14 (holding that "the failure to merge sentences does not render a judgment void, but *voidable*; therefore, such challenges, if not raised on direct appeal, are barred by the doctrine of res judicata.") (Emphasis sic.) (Citation omitted.)

*State v. Perkins,* 2014-Ohio-1863 at ¶¶70-72.

**{¶ 7}** We have consistently held that "[t]he issue of merger of allied offenses of similar import must be raised in an appellant's direct appeal or it is barred by res judicata." *State v. Stevens*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971, ¶12; *State v. Bowman,* 2d Dist. Montgomery No. 26162, 2015-Ohio-1162, ¶ 11; *State v. Williams,* 2d Dist. Greene No. 2012-CA-43, 2014-Ohio-725, ¶10; *State v. Johnson*, 2d Dist. Montgomery No. 25711, 2013-Ohio-4946,¶ 7; *State v. Johnston,* 2d Dist. Montgomery No. 25652, 2013-Ohio-4401, ¶ 13-16.

**{¶ 8}** We have also previously addressed the issue raised in Perkins's Third Assignment of Error, alleging ineffective assistance of counsel. Specifically, Perkins claims that his trial counsel was ineffective by misleading him into believing that if he entered a plea that he may be eligible for judicial release and by failing to seek a merger of allied offenses for sentencing purposes. We found no merit to Perkins' argument

regarding the ineffective assistance of counsel when raised in the original, direct appeal. *State v. Perkins*, 2d Dist. Montgomery No. 21515, 2007-Ohio-136, ¶ 23. We also rejected the claim of ineffective assistance of counsel in Perkins's application to reopen the original appeal. *State v. Perkins*, 2d Dist. Montgomery No. 21515 (May 7, 2007). We acknowledge that Perkins's previous attempts for review of his ineffective assistance of counsel claim were based on different grounds than the arguments he makes in the case before us.[1] However, the doctrine of res judicata bars not only the claims that were previously raised, but also "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. "[T]he doctrine [of res judicata] serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id. at* ¶ 18. We again conclude that the ineffective assistance issue is barred by the doctrine of res judicata.

{¶ 9} Therefore, all four of the issues raised in the appeal before us have previously been resolved in earlier appeals. Perkins argues that four issues should be heard again because the amended termination entry filed on July 8, 2015, is the first final appealable order issued for his 2006 convictions, all others being void for lack of a specific dollar amount for the order of restitution. Perkins also asserts that he did not have the

---

[1] We note that the issue of ineffective assistance of counsel was also rejected by the federal court in Perkins's habeas corpus petition. *Perkins v. Jackson*, S.D.Ohio No. C-3:08-CV-277, 2009 WL 1362626 (May 14, 2009).

ability to raise these issues until after his request for judicial release was denied. As we previously held, Perkins had the ability to raise these issues on direct appeal and failed to do so, thus res judicata prohibits reconsideration of these issues. *State v. Perkins,* 2014-Ohio-1863*,* at ¶74. We also held in our 2014 opinion that defects in the prior termination entries did not render them void:

> To the extent the original sentence was not a final appealable error [sic] because of an error in imposing restitution, or was "void" because it failed to impose a mandatory sentence, the sentence was only "void" as to these aspects, and the proper remedy would be to re-sentence Perkins on the pertinent issues. The remainder of the sentence would still be valid, and any "voidness" in the sentence would not affect the fact that the trial court imposed sentence years before Perkins filed a motion to withdraw his plea.

*Id.* at ¶ 2.

{¶ 10} "Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph three of the syllabus. A change to delete an order of restitution by an amended termination entry does not render the previous judgments void, or render the previous appellate review a nullity. *State v. Perkins*, 2014-Ohio-1863*,* at ¶49-50. *See also State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199, ¶13. "[S}entencing errors are not jurisdictional and do not render a judgment void." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 7. "Ohio law has consistently recognized a narrow,

and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void." *Id. at* ¶ 8. The change in Perkins's sentence to omit an order of restitution was not statutorily mandated. *See* R.C. 2929.18 (A). As we have previously concluded, "[i]ssues pertaining to restitution and fines are matters for direct appeal." *State v. Musselman*, 2d Dist. Montgomery No. 25295, 2013-Ohio-1584, ¶ 25.

{¶ 11} We recognize that a change in the termination entry may give rise to an appeal regarding the new terms of the order. "The scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing. The doctrine of res judicata does not bar a defendant from objecting to issues that arise at the resentencing hearing or from the resulting sentence." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30 (internal citation omitted). The only new issue in the amended termination entry that could give rise to a new appeal is the issue of restitution. Having omitted the order of restitution, the new order has not caused additional harm or increased the sentence in any way, and thus, Perkins was not prejudiced by the amended order.

{¶ 12} Perkins also argues that new case law establishing relevant precedent to his appeal should be applied to re-examine the issues previously raised in his prior appeals. Specifically, Perkins asserts that the holdings of *State v. Silvers*, 181 Ohio App.3d 26, 2009-Ohio-687, 907 N.E.2d 805 (2d Dist.) and *State v. Walker*, 2d Dist. Clark Nos. 2013-CA-8 and 2013-CA-9, 2014-Ohio-526, should be applied to reconsider the plea issues raised in his First and Fourth Assignments of Error. Perkins also argues that the merger issues raised in his Second Assignment of Error should be revisited based on the holdings in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061,

and *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892.   We have held that a party may not seek a new review based on a new decision of the Supreme Court of Ohio because "[a] new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." (Citations omitted.) *State v. Musselman*, 2d Dist. Montgomery No. 25295, 2013-Ohio-1584, ¶ 18, citing *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6.   Furthermore, the Supreme Court of Ohio has held that its holding in *Johnson* is not to be applied retroactively, because it is not a decision that addresses the meaning of a statute for the first time. *State v. Ketterer,* 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199*,* ¶ 14-15. Perkins's direct appeals were exhausted on August 29, 2007, when the Supreme Court refused to hear his appeal. *State v. Perkins*, 114 Ohio St.3d 1514, 2007-Ohio-4285, 872 N.E.2d 953. The new cases cited by Perkins were decided after 2009, and cannot be applied to Perkins's 2006 convictions. We conclude that Perkins cannot seek a new appeal based on new case law issued after his past appeals were reduced to judgment.

### III. Conclusion

**{¶ 13}**   Perkins's four assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps

Nathan Perkins
Hon. Mary L. Wiseman