[Cite as *State v. Contento*, 2018-Ohio-111.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2017-CA-1 |
| | : | |
| v. | : | Trial Court Case Nos. 2016-CR-35 |
| | : | and 2016-CR-288 |
| THOMAS A. CONTENTO | : | |
| | : | (Criminal Appeal from |
| *Defendant-Appellant* | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of January, 2018.

. . . . . . . . . .

ANTHONY KENDELL, Atty. Reg. No. 0067242, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
    Attorney for Plaintiff-Appellee

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, 545 Metro Place South, Suite 100, Dublin, Ohio 43017
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Thomas A. Contento, appeals from his conviction in the Miami County Court of Common Pleas after he pled guilty to two counts of rape of a person less than 13 years of age.  On August 30, 2017, Contento's assigned counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there are no issues with arguable merit to present on appeal.  On September 8, 2017, we notified Contento that his counsel found no meritorious claim for review and granted Contento 60 days to file a pro se brief assigning any errors.  Contento did not file a pro se brief.  After conducting a review of the record as prescribed by *Anders*, we find no issues with arguable merit for appeal.

**Facts and Course of Proceedings**

{¶ 2} In 2016, the Miami County Grand Jury returned indictments in three separate cases charging Contento with a total of eight counts of rape of a person less than 13 years of age in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree.  The alleged rape offenses occurred between 1995 and 2005, and involved three victims, K.C., S.C., and H.K.

{¶ 3} Pursuant to a plea agreement, Contento agreed to plead guilty to two of the eight counts of rape, one from Case No. 2016-CR-35, which involved K.C., and the other from Case No. 2016-CR-288, which involved S.C.  In exchange for Contento's guilty pleas, the State agreed to dismiss the remaining six counts of rape.  In doing so, Contento's third case, Case No. 2016-CR-289, which involved H.K., was dismissed in its entirety.

{¶ 4} In addition to dismissing the remaining six counts of rape, the State agreed not to file any new sexual abuse charges against Contento with respect to K.C., S.C., and H.K. The parties also agreed to a jointly-recommended sentence of 9 years in prison for each of Contento's two rape offenses, to be served consecutively for a total prison term of 18 years. The parties also stipulated that 188 days of jail time credit would be applied to the rape offense in Case No. 2016-CR-35.

{¶ 5} On June 23, 2016, Contento entered his guilty pleas in Case Nos. 2016-CR-35 and 2016-CR-288. At the plea hearing, the trial court conducted a Crim.R. 11 plea colloquy and notified Contento that he would be required to register as a "sexually oriented offender" under Megan's Law, the sex offender registration and classification system that was applicable when Contento committed the two rape offenses at issue. The trial court also went over the specific registration requirements, all of which Contento claimed he understood.

{¶ 6} After accepting Contento's guilty pleas, the trial court ordered a presentence investigation report and scheduled the matter for sentencing on August 1, 2016. At sentencing, the trial court indicated that it had considered all the statements and letters submitted on behalf of Contento and the victims, the presentence investigation report, and the parties' jointly-recommended sentence. The trial court further indicated that it had considered the purposes and principles of sentencing in R.C. 2929.11 and weighed the relevant seriousness and recidivism factors in R.C. 2929.12.

{¶ 7} In weighing the recidivism factors, the trial court found that Contento's lack of remorse was a factor indicating that recidivism was likely, while his lack of a criminal record indicated that recidivism was less likely. In weighing the seriousness factors, the

trial court found that Contento's rape offenses were rendered more serious due to the age of the victims and his relationship with the victims, as Contento was the victims' biological father and stepfather. The trial court further found that Contento's offenses were more serious due to the serious physical and psychological harm inflicted on the victims. The trial court found no factors making Contento's offenses less serious.

{¶ 8} Following these considerations, the trial court accepted the parties' jointly-recommended sentence and imposed a 9-year mandatory prison term for each count of rape to be served consecutively. While the trial court was not required to make any consecutive-sentence findings due to the sentence being jointly recommended by the parties, *see State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.2d 627, ¶ 43-44, out of precaution, the trial court made consecutive-sentence findings on the record at the sentencing hearing.[1]

{¶ 9} Per the parties' stipulation, the trial court applied 188 days of jail time credit to the sentence in Case No. 2016-CR-35. The trial court also imposed five years of mandatory post-release control pursuant to R.C. 2967.28(B)(1). Thereafter, the trial court classified Contento as a sexually oriented offender under Megan's Law and explained the applicable registration and verification requirements, noting that Contento was required to register for a period of 10 years.

{¶ 10} Following his conviction and sentence, Contento filed the instant appeal and his appellate counsel submitted an *Anders* brief for our review.

---

[1] Since Contento's sentence was jointly recommended, the trial court was also not required to incorporate its consecutive-sentence findings in the corresponding sentencing entries. *See State v. Marcum*, 2d Dist. Montgomery No. 26255, 2015-Ohio-549, ¶ 7, fn.1.

**Law and Analysis**

{¶ 11} Pursuant to *Anders*, this court must conduct an independent review of the record to determine if the appeal at issue is wholly frivolous. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. "*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Id.*, citing *State v. Pullen,* 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4.

{¶ 12} If we determine the appeal is frivolous, we may grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or we can proceed to a decision on the merits if state law requires it. *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. However, "[i]f we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." *Marbury* at ¶ 7, citing *Pullen* at ¶ 2.

{¶ 13} As a potential assignment of error, Contento's appellate counsel suggests that Contento's guilty plea was not knowingly, intelligently, and voluntarily entered. It is well established that a guilty plea is constitutionally valid only if it is entered knowingly, intelligently, and voluntarily. *State v. Bateman*, 2d Dist. Champaign No. 2010CA15,

2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

**{¶ 14}** "In order for a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C)." (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6. Unlike the advisements required in Crim.R. 11(C)(2)(c), which involve constitutional rights and necessitate strict compliance by the trial court, the non-constitutional advisements in Crim.R. 11(C)(2)(a) only require substantial compliance. *Id.* at ¶ 7-8, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31 and *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Under the substantial compliance standard, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Clark* at ¶ 31, quoting *Nero* at 108.

**{¶ 15}** If there is no substantial compliance with regard to a non-constitutional right, the reviewing court is to ascertain whether there was partial compliance or a total failure to comply with the rule. *Id.* at ¶ 32. If there is partial compliance, the plea cannot be vacated unless the defendant shows that he was prejudiced. *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.*, quoting *Nero* at 108. (Other citation omitted.) "If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated." *Id.*, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, paragraph two of the syllabus. " 'A complete failure to comply with the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *Sarkozy* at ¶ 22.

{¶ 16} In this case, the record reveals that the trial court made all the necessary advisements in Crim.R. 11 at the plea hearing, including that Contento would be required to serve a mandatory prison term for his offenses and that he was ineligible for community control sanctions. The plea forms signed by Contento in both Case Nos. 2016-CR-35 and 2016-CR-288 also indicate that he was subject to a mandatory prison term; however, the plea forms incorrectly advised Contento that he was eligible for community control sanctions.

{¶ 17} "When a defendant on whom a mandatory prison sentence must be imposed enters a plea of guilty or no contest, the court must, before accepting the plea, determine the defendant's understanding that the defendant is subject to a mandatory sentence and that the mandatory sentence renders the defendant ineligible for probation or community control sanctions." *State v. Balidbid*, 2d Dist. Montgomery No. 24511, 2012-Ohio-1406, ¶ 10, citing Crim.R. 11(C)(2)(a). (Other citations omitted.) "Because the prospect of community control * * * would be a factor weighing heavily in favor of a plea, the fact that such is statutorily precluded can affect a defendant's decision to enter a guilty plea." (Citation omitted.) *State v. Hendrix*, 12th Dist. Butler No. CA2012-12-265, 2013-Ohio-4978, ¶ 27.

{¶ 18} In *State v. Silvers*, 181 Ohio App.3d 26, 2009-Ohio-687, 907 N.E.2d 805 (2d Dist.), we held that the trial court did not substantially comply with Crim.R. 11 under circumstances where the trial court correctly advised Silvers at the plea hearing that he faced a mandatory prison term and was not eligible for community control, but the plea form incorrectly stated that a prison term was *not* mandatory and that Silvers *was* eligible for community control. We found that given the conflicting information between the

colloquy and the plea form, "Silvers was unable to subjectively understand the implication of his plea and the rights he was waiving." *Id.* at ¶ 13. As a result, we concluded that "Silvers's guilty pleas were not knowingly, intelligently, nor voluntarily made." *Id.* at ¶ 15.

**{¶ 19}** The present case, however, is distinguishable from *Silvers*. While the plea forms incorrectly indicate that Contento was eligible for community control sanctions, the forms nevertheless correctly indicate that Contento would be required to serve a mandatory prison term, which was consistent with what the trial court stated at the plea hearing. Furthermore, at the plea hearing, Contento specifically indicated that he understood he was not eligible for community control sanctions:

> THE COURT: Okay. I also have to advise you that on each of these counts, it's a mandatory term – a sentencing term. Is that your understanding?
>
> MR. CONTENTO: Yes ma'am.
>
> THE COURT: That means you're not eligible for Community Control or Judicial Release or Earned Good Time credit.
>
> MR. CONTENTO: Okay.
>
> THE COURT: Is that your understanding?
>
> MR. CONTENTO: Yes ma'am.

Plea Hearing Trans. (June 23, 2016), p. 11-12.

**{¶ 20}** Under these circumstances, the trial court, at the very least, partially complied with Crim.R. 11, which requires a showing of prejudice to vacate a guilty plea. Contento, however, cannot demonstrate any prejudice arising from the clerical error in the plea form indicating that he was eligible for community control, as Contento

specifically stated on the record that he understood he was not eligible for community control and was advised at the plea hearing and in the plea forms that his prison term would be mandatory.

{¶ 21} Because the totality of the circumstances indicates that Contento subjectively understood the rights he was waiving and the implications of his plea, particularly that a prison term was mandatory for his offenses and that he was ineligible for community control, we find that the argument that his plea was not knowingly, intelligently, and voluntarily entered lacks arguable merit for appeal, as there is no basis for vacating his plea. Accordingly, Contento's first potential assignment of error is overruled.

{¶ 22} As a second potential assignment of error, Contento's appellate counsel suggests that the trial court erred in sentencing Contento to an aggregate 18-year prison term. However, as previously noted, the sentence imposed by the trial court was jointly recommended by the parties.

{¶ 23} R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *See also State v. Essinger*, 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, ¶ 8 ("A jointly-recommended sentence is not subject to appellate review"), citing *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.2d 627. (Other citation omitted.) In other words, "under [R.C. 2953.08](D)(1), if a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.' " *Sergent* at ¶ 15. "A sentence is 'authorized by law' and is not

appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

**{¶ 24}** In this case, Contento's jointly-recommended sentence comports with all mandatory sentencing provisions and was accepted by the trial court. Therefore, Contento's sentence is not appealable pursuant to R.C. 2953.08(D)(1). Accordingly, Contento's second potential assignment of error challenging his sentence also lacks arguable merit for appeal and is overruled.

**{¶ 25}** In addition to considering the potential assignments of error raised by appellate counsel, we have performed our duty under *Anders* to conduct an independent review of the record. Having conducted our independent review, we find no issues with arguable merit for Contento to advance on appeal. Accordingly, we conclude that Contento's appeal is wholly frivolous and affirm the judgment of the trial court.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Anthony Kendell
April F. Campbell
Thomas A. Contento
Hon. Jeannine N. Pratt