Zayas, J., concurring in part and dissenting in part.
 

 {¶ 29} I concur with the majority's resolution of Foster's second assignment of error. However, under the totality of the circumstances, I conclude that Foster could not have understood the maximum penalty he was facing because he was erroneously informed that the prison sentence was not mandatory and erroneously informed that he was eligible for community control. Although the trial court informed him that it would not impose community control because of the nature of the offense, the court did not advise him that he was facing a mandatory sentence, rendering him ineligible for community control.
 

 {¶ 30} Unlike the majority, I am not persuaded that
 
 Nero
 
 governs the outcome of this case.
 
 Nero
 
 is distinguishable from this case because it involved the clause related to probation eligibility, and not the clause that requires that a defendant understand
 the maximum penalty. Nero was correctly advised of the maximum penalty he was facing. Here, Foster was incorrectly advised that he would not be serving a mandatory prison term, and that he was eligible for community control, judicial release, and to earn days of credit. Under these circumstances, Foster could not have understood the maximum penalty he was facing. Therefore, I respectfully dissent from that portion of the majority's opinion.
 

 The Plea Form
 

 {¶ 31} The record indicates that Foster signed a written plea form before the Crim.R. 11 colloquy. While the written plea form correctly indicated that the potential sentencing range was three to 11 years, it erroneously stated that none of the time was mandatory. The form also stated, "I understand the maximum penalty as set out above, and any mandatory prison term during which I am NOT eligible for judicial release." The form explained that if he were granted community control at any point in his sentence, he would be subject to conditions, and the possible penalties for violating those conditions. Finally, the form informed him that he may be eligible to earn days of credit and "that the days of credit are not automatically earned, but must be earned in the manner specified by Law."
 

 The Plea Colloquy
 

 {¶ 32} Before accepting Foster's guilty plea, the trial court engaged him in the following colloquy.
 

 THE COURT: And a Felony 1 has a potential sentencing range, doesn't it? It carries a minimum period of incarceration and a maximum period of incarceration. What's the minimum?
 

 THE DEFENDANT: Three.
 

 THE COURT: What's the maximum?
 

 THE DEFENDANT: Eleven.
 

 THE COURT: Very good. And no mandatory prison term, but it does have a maximum fine of $20,000.
 

 * * *
 

 THE COURT: You understand that this is not a probation offense, that I'm not considering probation on this case. Do we understand each other?
 

 THE DEFENDANT: Yes.
 

 THE COURT: And I'm thinking about a penitentiary sentence of anywhere from three to eleven years. Do you understand that?
 

 THE DEFENDANT: Yes.
 

 * * *
 

 THE COURT: And also, I will read the community control. At any point in this sentence, I can give you community control. If you violate any of those conditions, I can give you a longer period of community control probation. I can increase the restrictions on the community control probation. Or sentence you anywhere from three to eleven years and community control may last up to five years. I want to say this because I don't want you to walk out of this room thinking or having any miscalculations or being misguided. I'm not thinking about probation. And because of the nature of the charge, more than likely, I would not be thinking of post-release control either. Once I lay down the number, that's going to be it.
 

 THE DEFENDANT: What is she saying?
 

 THE COURT: I'll repeat that. I'm not considering probation at this particular time for you because of the nature of the crime. I'm also telling you at this particular point in time, once I pass sentence, I more than likely would not be thinking of a post-release control type of plea. I don't want you to think of any promise or any thoughts of post-release control, do we understand each other, sir?
 

 THE DEFENDANT: Yes. Yes, ma'am.
 

 * * *
 

 THE COURT: But I'm not thinking about probation. I know when you walked up to the podium from a discussion perhaps with your attorney, you were hopeful of that. I'm not going to promise you minimum. You probably were hopeful for that.
 

 Law and Analysis
 

 {¶ 33} To determine whether a plea was entered knowingly, intelligently and voluntarily, "an appellate court examines the totality of the circumstances through a de novo review of the record."
 
 State v. Tutt
 
 ,
 
 2015-Ohio-5145
 
 ,
 
 54 N.E.3d 619
 
 , ¶ 13 (8th Dist.). A trial court must substantially comply with Crim.R. 11(C)(2)(a) with respect to the nonconstitutional rights and ensure the defendant understands the maximum penalty involved and his ineligibility for community control.
 
 Nero
 
 ,
 
 56 Ohio St.3d at 108
 
 ,
 
 564 N.E.2d 474
 
 . "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."
 
 Id.
 
 at 108,
 
 564 N.E.2d 474
 
 .
 

 {¶ 34} In conducting the plea colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his decision and enter a valid plea.
 
 State v. Clark
 
 ,
 
 119 Ohio St.3d 239
 
 ,
 
 2008-Ohio-3748
 
 ,
 
 893 N.E.2d 462
 
 , ¶ 26 ;
 
 State v. Rand
 
 , 10th Dist. Franklin No. 03AP745,
 
 2004-Ohio-5838
 
 ,
 
 2004 WL 2474426
 
 , ¶ 23 (the trial court committed reversible error when it accepted defendant's guilty plea because it misinformed him that his sentence was not mandatory);
 
 State v. Givens
 
 , 12th Dist. Butler No. CA2014-02-047,
 
 2015-Ohio-361
 
 ,
 
 2015 WL 419882
 
 , ¶ 15-16 (trial court's failure to advise defendant that a guilty plea to a robbery charge carried a mandatory prison term that rendered him ineligible for community control or judicial release invalidated the plea and required reversal of the conviction and sentence);
 
 State v. Smith
 
 , 5th Dist. Licking No. 13-CA-44,
 
 2014-Ohio-2990
 
 ,
 
 2014 WL 3030956
 
 , ¶ 11-12 (trial court's failure to notify defendant who pled no contest to rape charges of the amount of mandatory prison time and the time during which he would be ineligible for community control resulted in invalid plea that required reversal).
 

 {¶ 35} Where a defendant faces a mandatory prison sentence as a result of a plea, the trial court must determine, prior to accepting the plea, that the defendant understands that he or she is subject to a mandatory prison sentence and that as a result of the mandatory prison sentence, he or she is not eligible for probation or community-control sanctions.
 
 See, e.g.,
 

 Tutt
 
 at ¶ 19 ;
 
 State v. Silvers
 
 ,
 
 181 Ohio App.3d 26
 
 ,
 
 2009-Ohio-687
 
 ,
 
 907 N.E.2d 805
 
 , ¶ 13 (2d Dist.) ;
 
 State v. Hendrix
 
 , 12th Dist. Butler No. CA2012-12-265,
 
 2013-Ohio-4978
 
 ,
 
 2013 WL 6021170
 
 , ¶ 6 ;
 
 State v. Brigner
 
 , 4th Dist. Athens No. 14CA19,
 
 2015-Ohio-2526
 
 ,
 
 2015 WL 3917983
 
 , ¶ 14. "The rationale for such a rule is that, without an adequate understanding of mandatory prison time, a defendant cannot fully understand the consequence of his or her plea as required by Crim.R. 11(C)(2)."
 
 Tutt
 
 at ¶ 23.
 

 {¶ 36} In this case, the trial court affirmatively told Foster that a prison term was not mandatory, and that he was eligible for community control at any point in the sentence. Significantly, the judgment entry does not state that the prison term was mandatory. The plea form also contains multiple incorrect and misleading representations. The form incorrectly informed Foster that none of his sentence would be mandatory, and that he was eligible for the imposition of community control,
 judicial release, and may be eligible to earn days of credit. However, Foster was not eligible for community control, judicial release, or to earn days of credit because he was subject to a mandatory prison term.
 
 See
 

 Silvers
 
 at ¶ 12. Ordinarily, a trial court is not obligated to inform a defendant about judicial release or earned days of credit.
 
 Id.
 
 at ¶ 14. However, when the plea form contains incorrect and misleading information about judicial release or earned days of credit, a trial court must correct the misinformation.
 
 Id.
 
 at ¶ 15 ;
 
 Hendrix
 
 at ¶ 26.
 

 {¶ 37} At no point, either through the plea form or during the plea colloquy, was Foster advised that the rape charge carried a mandatory prison term rendering him ineligible for community control, judicial release, and earned days of credit. In fact, he was expressly advised that a prison term was not mandatory. Foster could not have understood that he was required to serve a mandatory sentence, which meant he would serve the entire prison term, and was ineligible for judicial release and to earn days of credit.
 
 See
 

 Hendrix
 
 at ¶ 26 (vacating a defendant's plea where the colloquy and plea form misadvised the defendant and understated the sentence with regard to earned credit, community control, and judicial release);
 
 Silvers
 
 at ¶ 15 (trial court failed to substantially comply with Crim.R. 11(C)(2)(a) when it did not correct the information in the plea form and affirmatively notify the defendant that he was ineligible for judicial release).
 

 {¶ 38} Although the trial court informed Foster that the court intended to impose a prison term rather than community control, the court also informed him that he was eligible for community control. Notably, at the plea hearing, the court acknowledged that Foster was still hopeful for a sentence of community control when he walked up to the podium. At no time did the court explain that he was ineligible for community control because he was facing a mandatory prison term. "Ineligibility for (as opposed to the unlikelihood of) the imposition of community control sanctions is deemed to be a sufficiently important effect of a plea of guilty or no contest that it is specifically incorporated in Crim.R. 11(C)(2)(a) as a subject that must be specifically addressed by the trial court, concerning which the defendant's understanding must be specifically determined by the trial court."
 
 State v. Balidbid
 
 , 2d Dist. Montgomery No. 24511,
 
 2012-Ohio-1406
 
 ,
 
 2012 WL 1079543
 
 , ¶ 12. Consequently, Foster could not have subjectively understood that he was subject to a mandatory prison term on the rape charge and ineligible for community control.
 

 {¶ 39} Under the totality of the circumstances, the trial court failed to substantially comply with Crim.R. 11(2)(a).
 
 See
 

 Tutt
 
 ,
 
 2015-Ohio-5145
 
 ,
 
 54 N.E.3d 619
 
 , at ¶ 22 (trial court did not substantially comply with Crim.R. 11(C)(2)(a) when it failed to expressly inform the defendant that the defendant was subject to a mandatory prison term and was not eligible for community control);
 
 State v. Norman
 
 , 8th Dist. Cuyahoga No. 91302,
 
 2009-Ohio-4044
 
 ,
 
 2009 WL 2477513
 
 , ¶ 12 ("compliance with the 'maximum' penalty provision of Crim.R. 11(C)(2) requires the court to inform the defendant, prior to taking a guilty plea, that a charge carries a mandatory consecutive sentence");
 
 Givens
 
 , 12th Dist. Butler No. CA2014-02-047,
 
 2015-Ohio-361
 
 , at ¶ 15-17 (trial court's failure to advise defendant that guilty plea to robbery charge carried a mandatory prison term rendered plea invalid);
 
 State v. Smith
 
 , 5th Dist. Licking No. 13-CA-44,
 
 2014-Ohio-2990
 
 ,
 
 2014 WL 3030956
 
 , ¶ 11-12 (defendant's no-contest pleas to four counts of rape were not knowing, intelligent and voluntary where although the trial court informed defendant at the plea
 hearing that the offenses "carr[ied] a term of mandatory incarceration," it failed to state the number of years that were mandatory);
 
 Rand
 
 , 10th Dist. Franklin No. 03AP-745,
 
 2004-Ohio-5838
 
 , at ¶ 21-23 (where the entry of guilty plea indicated that prison sentence was not mandatory and the trial court failed to advise the defendant at plea hearing that the prison sentence was, in fact, mandatory, the trial court did not substantially comply with Crim.R. 11(C)(2)(a) ).
 

 {¶ 40} Having found the trial court did not substantially comply, the next step is to determine whether the court partially complied or wholly failed to comply.
 
 Hendrix,
 
 12th Dist. Butler No. CA2012-12-265,
 
 2013-Ohio-4978
 
 , at ¶ 11. If the court partially complied, the plea will not be vacated unless the defendant establishes prejudice.
 

 Id.
 

 If the court wholly failed to comply, the defendant need not demonstrate prejudice, and the plea must be vacated.
 

 Id.
 

 {¶ 41} Because the trial court failed to inform Foster that the prison term was mandatory, the court wholly failed to comply with Crim.R. 11(C)(2)(a), and he need not demonstrate prejudice.
 
 See
 

 Tutt
 
 at ¶ 31 ;
 
 Givens
 
 at ¶ 15 ;
 
 State v. Dunham
 
 , 5th Dist. Richland No. 2011-CA-121,
 
 2012-Ohio-2957
 
 ,
 
 2012 WL 2479542
 
 , ¶ 16-17. Accordingly, I would sustain Foster's first assignment of error, reverse the conviction, vacate the plea, and remand the cause for further proceedings.