[Cite as *State v. Brownlee*, 2018-Ohio-3841.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-L-166** |
| LAMAR BROWNLEE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2017 CR 000692.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Lamar Brownlee, Jr., appeals from the sentencing order of the Lake County Court of Common Pleas, sentencing him to an aggregate term of 16 years imprisonment.  We affirm.

{¶2}    On June 6, 2017, appellant, and two accomplices, were driving in Willoughby, Ohio.  Appellant pulled up to a Papa John's restaurant; his accomplices

entered the establishment and robbed the same at gunpoint. They left with the cash drawer, re-entered the vehicle, and appellant drove away. The men subsequently committed a similar armed robbery at a Papa Joe's restaurant in Willoughby. Police were notified and were provided with a description of the vehicle, as well as a license plate number.

{¶3} Officers ultimately located a vehicle matching the description and an active pursuit ensued. Officers deployed a spike strip which successfully deflated the vehicle's front and rear passenger-side tires. The vehicle eventually crashed at the intersection of State Route 2 westbound I-271 split.

{¶4} Appellant fled on foot and was eventually apprehended. In the vehicle, officers found two semi-automatic revolvers with extended magazines. The firearms matched the description of the weapons used in the robberies; officers also found a black neoprene mask, cell phones, two electronic scales, a black skull cap, and the cash drawers from the pizza shops.

{¶5} Appellant was indicted on the following charges: Count One, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with an accompanying firearm specification, pursuant to R.C. 2941.145, and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Two, aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1), with an accompanying firearm specification, pursuant to R.C. 2941.145, and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Three, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(2), with an accompanying firearm specification, pursuant to R.C. 2941.145 and a forfeiture specification, pursuant

2

to R.C. 2941.1417 and R.C. 2981.04; Count Four, kidnapping, a felony of the first degree, in violation of R.C. 2905.01(A)(2), with an accompanying firearm specification, pursuant to R.C. 2941.145 and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Five, improperly handling firearms in a motor vehicle, a felony of the fourth degree, in violation of R.C. 2923.16(B), with an accompanying forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Six, failure to comply with order or signal of police officer, a felony of the third degree, in violation of R.C. 2921.331(B), with an accompanying firearm specification, pursuant to R.C. 2941.145 and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Seven, receiving stolen property, a felony of the fourth degree, in violation of R.C. 2913.51(A), with an accompanying firearm specification, pursuant to R.C. 2941.145 and a forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; Count Eight, having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(3), with an accompanying forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04; and Count Nine, possessing criminal tools, a felony of the fifth degree, in violation of R.C. 2923.24, with an accompanying forfeiture specification, pursuant to R.C. 2941.1417 and R.C. 2981.04. A plea of "not guilty" was entered on appellant's behalf.

{¶6}  Appellant subsequently withdrew his plea of "not guilty," and entered a plea of "guilty" to Count One and Count Two with their accompanying specifications. The trial court entered a nolle prosequi on the remaining counts at the state's request. The matter proceeded to sentencing at which the trial court ordered appellant to serve prison terms of five years on both Count One and Count Two, to be served

3

consecutively to one another; appellant was also ordered to serve two three-year terms for the firearm specifications, for an aggregate term of 16 years imprisonment. Appellant now appeals and assigns the following as error:

{¶7} "The trial court erred by sentencing the defendant-appellant to consecutive prison sentences totaling 16 years."

{¶8} Appellant claims the trial court's statutory findings, pursuant to R.C. 2929.14(C)(4) and R.C. 2929.12, were not supported by the record and thus his sentence is contrary to law.

{¶9} An appellate court generally reviews felony sentences under the standard of review set forth in R.C. 2953.08(G)(2), which states:

{¶10} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶11} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶12} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶13} (b) That the sentence is otherwise contrary to law.

{¶14} Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *State v. Wilson*, 11th Dist. Lake

4

No. 2017-L-028, 2017-Ohio-7127, ¶18, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶15} The Ohio Supreme Court has held, R.C. 2929.11 and R.C. 2929.12 do not require judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42; *State v. Macko*, 11th Dist. Lake No. 2016-L-022, 2017-Ohio-253, ¶75. "Rather, in sentencing a defendant for a felony, a court is merely required to consider the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors in R.C. 2929.12." *Macko*, *supra*, citing *Foster, supra.*

{¶16} Further, R.C. 2929.14(C)(4) provides, in relevant part, as follows regarding consecutive felony sentences:

{¶17} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶18} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶19} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶20} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶21} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry[.]" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37. Otherwise, the sentence is contrary to law. *Id.* The trial court has no obligation, however, to engage in a "word-for-word recitation" of the language in the statute or to set forth its reasons to support its findings, as long as they are discernible in the record. *Id.* at ¶28-29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶29.

{¶22} Appellant does not claim the trial court failed to make the proper findings under R.C. 2929.14(C)(4); rather, he maintains the findings were not supported by the record. With respect to the consecutive sentence, the trial court found, at the sentencing hearing:

{¶23} I find that those consecutive sentences are necessary to protect the public from future crime and to appropriately punish you and that these sentences are not disproportionate to the seriousness of your conduct and the danger that you pose to the public.

{¶24} And I find that at least two of these offenses were committed as part of a course of criminal conduct and that the harm caused by the two of these offenses was so great or unusual that no single prison term for any of these offenses adequately reflects the seriousness of your conduct.

{¶25} The foregoing was incorporated into the trial court's judgment entry.

{¶26} The record demonstrates that the robberies were committed at gunpoint and the victim-impact statements reveal at least two of the employees who were working at the restaurants suffered short-term emotional trauma. Although the

6

statements do not provide any great detail into the nature of the anxiety and fear these employees experienced, they do convey the sense of alarm and fright they had when the firearms were brandished. Given the nature of the crimes, the trial court could conclude the harm was sufficiently great and unusual to support consecutive prison terms.

{¶27} Next, appellant contends the trial court failed to give adequate consideration to various mitigating factors that militated in favor of a less severe sentence. Appellant first asserts the trial court failed to consider he was under strong provocation from his accomplices to aid in committing the robberies. He asserted they threatened him and his family's safety if he did not cooperate.

{¶28} During the sentencing hearing, the trial court engaged appellant in a lengthy discussion regarding his claims that he was forced to be the driver and participated only out of fear for his and his family's safety. The record demonstrates that, even though appellant claimed he was under duress to aid in the commission of two armed robberies, there was evidence to the contrary as well. Before he was apprehended, he ran from authorities. And, once he was caught, he did not advise police he was compelled at gunpoint to be the getaway driver. Rather, he told police he was approached by his accomplices with offers for "a ride" in their vehicle and when he entered, he was an innocent bystander to the subsequent robberies. In light of these points, as well as appellant's eventual revised story that he only participated out of fear, the court rejected appellant's purported justification. The court stated, on record, "I think you three guys planned this. You were going to be the driver, they were going to go in and you did it[.]" In light of appellant's plea, as well as the surrounding circumstances,

7

the court was entitled to reject appellant's assertion that he was provoked or forced into participating in the robberies.

{¶29} Appellant next notes that, even though he is criminally culpable as an accomplice, the trial court failed to adequately consider that he had no contact with the firearms or the actions that took place in the businesses. Even though appellant characterizes himself as simply an accomplice, it is well-settled that, as an accomplice, he is criminally responsible to the same degree as the principal offender and, in fact, may be prosecuted for the principal offense. See *e.g. State v. Graven*, 52 Ohio St.2d 112, 115-116 (1977). Thus, regardless of whether appellant came into contact with the weapons used in the robberies and did not participate as a principal, the trial court was not required to treat these points as mitigating factors.

{¶30} Appellant additionally underscores that the trial court gave little weight to any of the recidivism-less-likely factors under R.C. 2929.12(E). He points out that even though he had been involved in certain criminal activities during the five months leading up to the crime, he had led an otherwise law-abiding life for many years. While appellant's factual points regarding his criminal record are accurate, they do not necessitate the conclusion that he would be unlikely to reoffend. The pre-sentence investigation report indicates that since February 2016, five criminal cases have been filed against him, including the instant case. Only one of these cases is a misdemeanor, and two of the remaining felony cases are pending, including a federal firearms-theft case. In light of appellant's recent criminal activities, the court did not err in giving little weight to the recidivism-less-likely factors.

8

{¶31} Finally, appellant maintains the trial court erred when it found he did not show genuine remorse. He claims he felt and demonstrated such remorse during the sentencing hearing and the trial court erred in discounting his expressions. While appellant did apologize during sentencing, he also did not appear to accept full responsibility for the crimes to which he pleaded. By claiming he was forced or provoked into assisting his co-defendants, he eschewed accountability. And, in light of the surrounding circumstances of the crimes, the court found appellant's claims not credible. In drawing this conclusion, the court could also reasonably conclude appellant's apologies were similarly disingenuous.

{¶32} Appellant's assignment of error lacks merit.

{¶33} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.